```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JEANANNE GILCO,

    Plaintiff,

v.                              Lead Action No. 2:11-0032

EDDIE HUNTER and
LOGAN COUNTY COMMISSION and
LOGAN COUNTY SHERIFF'S DEPARTMENT and
LOGAN COUNTY HOME CONFINEMENT DEPARTMENT and
JOHN REED and
JOHN DOES I-V,

    Defendants,


REBECCA WHITT

    Plaintiff,

v.                              Consolidated Case No. 2:11-0033

EDDIE HUNTER and
LOGAN COUNTY COMMISSION and
LOGAN COUNTY SHERIFF'S DEPARTMENT and
LOGAN COUNTY HOME CONFINEMENT DEPARTMENT and
JOHN REED and
JOHN DOES I-V,

    Defendants,


APRIL TOMBLIN CHAFIN,

    Plaintiff

v.                              Consolidated Case No. 2:11-0034

EDDIE HUNTER and
LOGAN COUNTY COMMISSION and
LOGAN COUNTY SHERIFF'S DEPARTMENT and
LOGAN COUNTY HOME CONFINEMENT DEPARTMENT and

JOHN REED and
JOHN DOES I-V,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On August 16, 2011, the court directed the parties in the above civil actions to supplement their Federal Rule of Civil Procedure 26(f) reports with a discussion of the desirability of coordinated treatment or consolidation of these cases pursuant to Federal Rule of Civil Procedure 42(a), in view of, inter alia, the commonality of defendants and the similarity of the factual allegations in each of the three actions.

In the "Supplemental Rule 26(f) Report[s]" filed in each case, the parties represent as follows: "The parties believe that these matters are appropriate for consolidation for discovery purposes only.  The parties request that each matter be tried separately pursuant to Federal Rule of Civil Procedure 41(b) in order to avoid prejudice and confusion."

Federal Rule of Civil Procedure 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
>     (1)  join for hearing or trial any or all matters at issue in the actions;

>     (2)   consolidate the actions; or
>     (3)   issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a). Our court of appeals has entrusted the district court with significant discretion respecting questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.").

Nevertheless, the court of appeals has also provided guidelines for the exercise of that discretion. See <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Id.</u> at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is a substantial concern. The

3

allegations in plaintiffs' complaints, the claims pled, and the damages sought are identical.  While the factual allegations in each complaint setting forth the particular acts of misconduct visited on each plaintiff differ, that is the only uncommon element found within the four pleadings.

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources.  Under the circumstances, court resources could be impacted negatively by separate actions.  The length of time required to resolve each of these actions separately also militates strongly in favor of consolidation.

Based upon the foregoing, a limited consolidation is appropriate.  <u>See also</u> <u>Harris v. L & L Wings, Inc.</u>, 132 F.3d 978, 981 (4th Cir. 1997) (noting Rule 42(a) "approves consolidation of actions that involve a 'common question of law or fact'" and further stating:  "These claims, brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet this standard.").

The court, accordingly, ORDERS that the above-styled civil actions be, and they hereby are, consolidated for purposes of pretrial development and conferencing.  The court reserves

the question of consolidation of the cases for trial pending a discussion of that matter at the pretrial conference following discovery.

The Gilco case is designated as the lead action. All further filings shall be captioned and docketed in that case. The court will issue a consolidated scheduling order this same day that will set a single trial date. If it is ultimately determined that the cases should not be consolidated for trial, this court, in consultation with counsel, will select the first action for trial, which will proceed according to the trial date set in the scheduling order. The remaining two actions will then be set for trial as expeditiously as possible thereafter.

The clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: September 2, 2011

John T. Copenhaver, Jr.
United States District Judge