```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON

APRIL TOMBLIN CHAFIN,

     Plaintiff,

v.                                   Civil Action No. 2:11-0034

LOGAN COUNTY COMMISSION and
LOGAN COUNTY HOME CONFINEMENT DEPARTMENT and
JOHN REED,

     Defendants.
```

## MEMORANDUM OPINION AND ORDER

This action was tried to a jury on October 10, 2012. On October 12, 2012, a verdict was returned in plaintiff's favor.

During her testimony, witness Sherry Frye-Cochran accused certain third parties of committing acts of moral turpitude or criminal misconduct. There is one instance in which counsel for the plaintiff mentioned a correctional officer in the same manner.[1]

Assuming that a trial transcript qualifies for protection under both the common-law and First Amendment rights of public access to judicial records and documents, there are

---

[1] It may be the case that the correctional officer's identity is known in the event that the matter became the subject of a separate civil action by Ms. Frye-Cochran. If that is the case, the court will entertain a motion to unseal the individual's identity.

narrow instances where a sealing order might properly issue.  For example, our court of appeals once observed as follows:

> [W]e note that the court has the power to insure that its records are not used to "promote public scandal," and we agree with the district court's finding that the excised material is "impertinent and scandalous to one or more persons" mentioned in the documents.

In re Knight Pub. Co., 743 F.2d 231, 236 (4th Cir. 1984) (quoting in part Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)).

The court concludes that a sealing order is proper to the limited extent of redacting the identities of those third parties mentioned by Ms. Frye-Cochran and during the closing argument of counsel for the plaintiff.  Additionally, to avoid contextual clues, the entirety of one line of the transcript will be redacted as well.  Accordingly, the court reporter is directed to accomplish the following redactions of the transcript:

| Page | Line reference |
|------|----------------|
| 339  | Entirety of line 20. |
| 343  | Names found in lines 8-9. |
| 364  | Name found in line 11. |
| 366  | Name found in line 17. |
| 383  | Name found in line 8. |
| 383  | Name found in line 11. |
| 495  | Name found in line 1. |

It is further ORDERED that the unredacted version of the aforementioned pages be, and it hereby is, filed under seal.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: November 9, 2012

John T. Copenhaver, Jr.
United States District Judge